IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO EDUARDO RAMIREZ GARCIA, #34754-077, | § § § | |
| Movant, | § § | No. 3:21-cv-00443-D (BT) No. 3:15-cr-00369-D-3 |
| v. | § § | |
| UNITED STATES of AMERICA, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Sergio Eduardo Ramirez Garcia, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Garcia's § 2255 motion as barred by limitations.

I.

Garcia pleaded guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and the District Court sentenced him to 294 months' imprisonment. Garcia appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed the judgment on October 7, 2019. *See United States v. Garcia*, 789 F. App'x 410 (5th Cir. 2019) (per curiam).

On February 20, 2020, Garcia filed an action seeking an extension of time to bring a § 2255 motion. *See Ramirez Garcia v. United States*, Case No. 3:20-cv-3068-D-BT. He argued he was entitled to equitable tolling based on extraordinary and compelling circumstances beyond his control and good cause due to the COVID-19 pandemic. Garcia further argued that there was no "typing equipment" or legal materials at his prison. The magistrate judge issued findings and conclusions, recommending the case be dismissed without prejudice for lack of jurisdiction. Case No. 3:20-cv-3068-D-BT, FCR (ECF No. 3). On November 17, 2020, the District Court adopted the magistrate judge's findings and conclusions and entered judgment. Case No. 3:20-cv-3068-D-BT, ECF Nos. Ord. (ECF No. 4); J. (ECF No. 5).

Then, Garcia filed this § 2255 motion on February 23, 2021. In it, he argues:

    (1)    he was denied the right to represent himself;

    (2)    his appellate attorney provided ineffective assistance of counsel; and

    (3)    his trial attorney provided ineffective assistance of counsel.

In response, the Government argues that the Court should dismiss Garcia's § 2255 motion as untimely, or in the alternative, it should be denied as meritless. Garcia filed a reply, and his motion is ripe for determination.

2

II.

A.    <u>Statute of Limitations</u>

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (1)    the date on which the judgment of conviction becomes final;

> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Garcia does not allege facts supporting the application of (f)(2), (f)(3), or (f)(4); thus, subsection (f)(1) applies here. The Fifth Circuit affirmed Garcia's sentence and conviction on October 7, 2019. *See Garcia*, 789 F. App'x at 410. Garcia did not file a petition for writ of certiorari in the Supreme Court, and the time for doing

3

so expired on January 5, 2020. *See* Sup. Ct. R. 13 (a petition for writ of certiorari "is timely when it is filed . . . within 90 days after entry of the judgment"). Garcia's conviction thus became final on January 5, 2020. *See Clay v. United States*, 537 U.S. 522, 532 (2003). He then had one year, or until January 5, 2021, to file his § 2255 motion. But Garcia filed his § 2255 motion on February 23, 2021—more than one month after the limitations period had expired. His motion is therefore untimely.

B.    Equitable Tolling

Garcia's § 2255 motion includes the following direction: "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Mot. 10 (ECF No. 1). Garcia failed to explain why the statute of limitations did not bar his motion. *Id.* However, in his reply, Garcia argues that he is entitled to equitable tolling due to the COVID-19 pandemic. Reply 1-2 (ECF No. 8). Garcia generally contends that he was prevented from filing a timely § 2255 motion based on the pandemic and the Bureau of Prison's (BOP) resulting lock down. *Id.* at 3. Without providing any specifics, Garcia claims that he "worked diligently" to file his § 2255 motion, but considering the COVID-19 pandemic, he falls among those movants that were delayed in filing and has shown an "extraordinary circumstance." *Id.* at 4.

4

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The movant bears the burden of proof to show he is entitled to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Garcia makes broad, conclusory arguments in support of his request for equitable tolling, but those arguments are insufficient to meet his burden for several reasons. *See id.* First, Garcia fails to provide the dates he was on lockdown and fails to describe how, specifically, he was actually prevented from timely filing his § 2255 motion due to the pandemic. The Fifth Circuit has held that an inadequate prison law library may toll the one-year statute of limitations, *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003), but only if the lack of library access "actually *prevented* [the

petitioner] from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 562 (5th Cir. 2011) (emphasis in original). Similarly, other district courts in this circuit have found that equitable tolling was not warranted where the movant made only broad-based allegations his prison had been on lock down and failed to address specific delays actually caused by pandemic restrictions. *Sanders v. United States*, 2022 WL 4086793, at *3 (N.D. Tex. Aug. 2, 2022), *rec. adopted* 2022 WL 4084426 (N.D. Tex. Sept. 6, 2022); *United States v. Hall*, 2021 WL 4989884, at *4 (E.D. La. Oct. 27, 2021) (finding the movant was not entitled to equitable tolling on the filing of his § 2255 motion where he failed to explain why the COVID-19 pandemic prevented him from making a timely filing).

Second, Garcia has failed to demonstrate that although he was diligently pursuing his rights prior to the onset of the COVID-19 pandemic, the pandemic somehow interfered with him making a timely filing. *See Sanders*, 2022 WL 4086793, at *3 ("[E]ven in the context of the COVID-19 pandemic, a movant must provide sufficient evidence to show that he exercised diligence during 'all time periods—before, during and after the existence of the COVID-19 pandemic.'") (quoting *Fitzgerald v. Shinn*, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020)); *see also United States v. Thomas*, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) ("During the COVID-19 pandemic, courts have found that prisoners are not entitled to

equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns.").

Third, intermittent lockdowns, standing alone, do not demonstrate "extraordinary circumstances" that warrant equitable tolling. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) (the temporary denial of access to research materials or the law library is insufficient to warrant equitable tolling); *see also Sanders*, 2022 WL 4086793, at *3 (intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling).

Last, the existence of the COVID-19 pandemic, in isolation, does not constitute an "extraordinary circumstance" warranting equitable tolling. *Sanders*, 2022 WL 4086793, at *3; *see also Young v. Mississippi*, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021), *rec. adopted* 2021 WL 4189634 (S.D. Miss. Sept. 14, 2021) *(*citing *United States v. Clay*, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021)).

For these reasons, Garcia has failed to meet his burden of showing that he was entitled to equitable tolling. Because Garcia's claims are clearly time-barred, the Court need not reach the merits of his claims.

C. Evidentiary Hearing

As part of his reply, Garcia requested an evidentiary hearing. Reply 5-8 (ECF No. 8). With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show

that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

As discussed, Garcia's § 2255 motion is untimely. And for this reason, a hearing is not required to address the merits of his claims.

### III.

For the foregoing reasons, the Court should DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred.

Signed November 1, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*